UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MATTHEW HAYDEN and KENTUCKY
PROSTHETICS, INC.

PLAINTIFFS

v.

BENCHMARK INSURANCE COMPANY
and VGM INSURANCE SERVICES, INC.

DEFENDANTS.

CIVIL ACTION NO. 3:19-CV-154-JHM

*ELECTRONICALLY FILED*

**NOTICE OF REMOVAL**

The defendants, Benchmark Insurance Company and VGM Insurance Services, Inc., pursuant to 28 U.S.C. §§1441 and 1446, hereby remove this case from the Circuit Court for Jefferson County, Kentucky, in which it is now pending, to the United States District Court for the Western District of Kentucky, Louisville Division, and furnish the following supporting information.

**Plaintiffs' Allegations**

1. The plaintiffs, Matthew Hayden and Kentucky Prosthetics, Inc., commenced this action on February 1, 2019, by filing their complaint in the Circuit Court for Jefferson County, Kentucky, Case No. 19-CI-726.

2. In their complaint, the plaintiffs allege that Matthew Hayden is the owner of Kentucky Prosthetics, Inc. (*See* Compl., ¶ 3.)

3. The plaintiffs allege that, in March 2014, the defendants issued a policy of insurance to "Kentucky Prosthetics Inc" for the policy period of 3/12/2014 to 3/12/2015. (*Id*. ¶ 9 and Ex. A thereto.)  The policy attached as Exhibit A to the complaint states that it was issued by

Benchmark Insurance Company, and that the producer was VGM Insurance Services. (Compl., Ex. A, at 1–2.)

4. The plaintiffs allege that, on September 19, 2016, they were sued in a lawsuit styled *Edward Hawkins v. Matthew Hayden and Kentucky Prosthetics, Inc.*, Commonwealth of Kentucky, Hardin Circuit Court, Civil Action No. 16-CI-1508. (*Id.* ¶ 10.)

5. The plaintiffs allege they notified the defendants of the underlying lawsuit, but the defendants denied any obligation to defend or indemnify them in the lawsuit. (*Id.* ¶¶ 11, 17.)

6. The plaintiffs allege they hired two sets of attorneys to defend them in the underlying lawsuit. (*Id.* ¶ 22.)

7. The plaintiffs allege that their defense counsel repeatedly urged the defendants to provide coverage, but the defendants continued to deny coverage. (*Id.* ¶¶ 23–25.)

8. Notwithstanding the defendants' coverage denial, the plaintiffs allege the defendants indemnified them for the settlement payment in the underlying lawsuit and paid a portion of their defense costs. (*Id.* ¶¶ 29–30.) The plaintiffs allege that, prior to making these payments, the defendants attempted to settle all claims in exchange for a signed release of the plaintiffs' claims against the defendants. (*Id.* ¶ 33.) The plaintiffs allege they refused to sign the release, and the defendants still paid the settlement and defenses costs. (*Id.* at ¶ 37.)

9. In their complaint, the plaintiffs assert claims for breach of contract, bad faith (both statutory and common law), and estoppel. The plaintiffs claim they have sustained damages in the form of "pain and suffering" and attorneys' fees, and they also seek punitive damages.

**Removal is Proper**

10. This case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because the defendants satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332.

11. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the jurisdictional minimum and there is complete diversity of citizenship between the parties.

12. Based on good faith belief and information, the amount in controversy exceeds $75,000, exclusive of interests and costs. Specifically, prior to filing this removal, the undersigned contacted counsel for the plaintiffs and inquired as to the amount in controversy. Plaintiffs' counsel stated that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and that the plaintiffs would not contest the amount-in-controversy requirement in the event the defendants removed this case to federal court.

13. The plaintiff, Matthew Hayden, was at the time of the commencement of this action and all times thereafter, a resident of Louisville, Jefferson County, Kentucky. (*See* Compl., ¶ 1.)

14. The plaintiff, Kentucky Prosthetics, Inc., was at the time of the commencement of this action and all times thereafter, a Kentucky corporation. (*See* Compl., ¶ 2.) Upon information and belief, Kentucky Prosthetics, Inc.'s principal place of business is located in Louisville, Kentucky.

15. The defendant, Benchmark Insurance Company, is a Kansas corporation with its principal place of business located in Minnesota.

16. The defendant, VGM Insurance Services, Inc., is an Iowa corporation with its principal place of business located in Iowa.

### Removal is Timely

17. The Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because both Benchmark and VGM were served with the complaint on February 6, 2019. The thirty days allowed under 28 U.S.C. § 1446(b) have not expired.

### Venue is Proper

18. This Court is the proper venue under 28 U.S.C. § 1441(a). The state court action was filed in Jefferson County, Kentucky, and the United States District Court for the Western District of Kentucky, Louisville Division, is the United States District Court embracing the place where the state court action is pending.

### Procedural Requirements

19. Written notice of the filing of this Notice of Removal will be given to all parties, and a copy of this Notice of Removal will be filed with the Clerk of the Circuit Court for Jefferson County, Kentucky, as provided by 28 U.S.C. §1446(d).

20. In accordance with 28 U.S.C. § 1446(a), true and accurate copies of the summons, complaint, and the plaintiffs' first set of discovery requests to Benchmark and VGM, which constitute all pleadings and other documents served upon the defendants to date, are attached hereto as **Exhibit A**.

21. For the foregoing reasons, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, and this action is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

-5-

WHEREFORE, the defendants pray that Civil Action No. 19-CI-726 filed in Jefferson Circuit Court, Division Three (3), Jefferson County, Kentucky, be removed to and proceed in this Court and that no further proceedings be had in Jefferson Circuit Court.

/s/ Michael E. Kleinert
Matthew W. Breetz
Michael E. Kleinert
Dallas J. Selvy
STITES & HARBISON, PLLC
400 West Market Street, Suite 1800
Louisville, KY  40202-3352
Telephone: (502) 587-3400
E-mail: mbreetz@stites.com
  mkleinert@stites.com
  dselvy@stites.com

*Counsel for Benchmark Insurance Company and VGM Insurance Services, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Removal was electronically filed using the CM/ECF System and that a copy was served by United States First Class Mail, postage pre-paid, on this 4th day of March, 2019, to the following:

A. Nicholas Naiser
NAISER LAW OFFICE
600 West Main Street, Suite 500
Louisville, KY  40202
(502) 882-5183
*Counsel for Plaintiffs*

/s/ Michael E. Kleinert
*Counsel for Benchmark Insurance Company and VGM Insurance Services, Inc.*